IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, AIS # 183445, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-387-WKW |
| | ) | [WO] |
| GREG LOVELACE,[1] *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Eric Williams, an inmate proceeding *pro se*, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1) and an application for leave to proceed *in forma pauperis* (IFP) (Doc. # 2). Although Plaintiff filed an IFP application (Doc. # 2), he did not submit a certified copy of his prison trust fund account statement as required by 28 U.S.C. § 1915(a)(2). On May 18, 2026, the court issued a Notice of Deficiency directing Plaintiff to submit an inmate account statement by June 1, 2026. (Doc. # 3.) On June 8, 2026, Plaintiff's notice of a change of address was received and docketed. (Doc. # 4.) Because Plaintiff had been transferred from Ventress Correctional Facility to Staton Correctional Facility,

---

[1] Plaintiff originally named "John Hamm, Commissioner" as a Defendant in this action. (*See* Doc. # 1 at 1.) However, on April 30, 2026, Hamm retired from his position as Commissioner of the Alabama Department of Corrections (ADOC). Effective May 1, 2026, Greg Lovelace is Commissioner of the ADOC. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lovelace has been automatically substituted as a Defendant in his official capacity for Hamm, the former Commissioner of the ADOC. The electronic docket sheet will be updated accordingly.

an Order was entered extending Plaintiff's deadline to submit his inmate account statement to June 24, 2026.  (Doc. # 5 ("June 10 Order").)  The June 10 Order expressly cautioned Plaintiff that his failure to timely comply would result in the dismissal of this case.  (*Id.* at 2.)  To date, Plaintiff has failed to comply with the Notice of Deficiency's directives and the June 10 Order.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-*

2

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the Notice of Deficiency's directives and the June 10 Order and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

It is further ORDERED that the Clerk of Court is DIRECTED to update the electronic docket sheet, substituting Greg Lovelace, the Commissioner of the ADOC, for John Hamm, the former commissioner of the ADOC as a Defendant in this action. *See supra* note 1.

Final judgment will be entered separately.

DONE this 30th day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE