IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, #183445, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-387-WKW |
| | ) | [WO] |
| BRIAN THOMPKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On June 30, 2026, this action was dismissed without prejudice for Plaintiff Eric Williams's failure to comply with the court's directives to submit a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (Doc. # 6.) Final judgment was entered the same date. (Doc. # 7.) Plaintiff, proceeding *pro se*, since has mailed an unsigned letter, which the Clerk of Court received on July 23, 2026. (Doc. # 8). In his letter, Plaintiff asserts that he "did send in" his inmate account statement and that a partial payment of $62.17 had been deducted from his account "for the courts." (Doc. # 8.) The letter is construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, to vacate the judgment under Federal Rule of Civil Procedure 60(b). For the reasons to follow, the motion will be denied.

Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d

1335, 1343 (11th Cir. 2009) (citation and internal quotation marks omitted). Additionally, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

Plaintiff currently has two other cases pending in the Middle District of Alabama: *Williams v. Yes Care, Health Care, Inc.*, 2:26-cv-385-RAH-KFP; and *Williams v. Thompkins*, 2:26-cv-386-WKW-JTA. In *Williams v. Thompkins*, Plaintiff filed an account statement, and an initial partial filing fee of $62.17 was paid in that case. However, Plaintiff must submit an account statement in each separate case and is responsible for the filing fee in each case individually. In this action, Plaintiff did not submit an account statement as directed, and no initial partial filing fee has been assessed or collected. Plaintiff's construed motion has been carefully considered but fails to establish any basis for relief under either Rule 59(e) or Rule 60(b).

Based on the foregoing it is ORDERED that Plaintiff's construed motion (Doc. # 8) is DENIED.

DONE this 27th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

2